Guy D. Knoller - #002803
Law Offices of Guy David Knoller, P.L.L.C.
18221 N. 42nd Street
Phoenix, Arizona 85032
(602) 799-2346
E-Mail: guydknoller@gmail.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AMIR KAMBAR; ANGEL MENA,<br><br>Plaintiffs,<br><br>vs.<br><br>KHALIL A. AHMAD and GIGI AHMAD, husband and wife; RAHMA AHMAD KAMBAR; FLAMING KABOB II, LLC, FLAMING KABOB III, LLC and KHALIL CO., INC. dba FLAMING KABOB,<br><br>Defendants. | No.   2:14-CV-00076-SRB<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiffs allege as follows:

**FIRST CLAIM FOR RELIEF**
(FAIR LABOR STANDARDS ACT)

1. Plaintiffs are residents of Maricopa County, Arizona.

2. Defendants Flaming Kabob II, LLC and Flaming Kabob III, LLC dba Flaming Kabob are Arizona companies operating in Maricopa County, Arizona, and operated as an integrated enterprise with common control and ownership.

    a. Defendant Khalil Ahmad owns and owned Flaming Kabob II and

-1-

III and Khalil Co., Inc.;

      b.      Defendant Khalil Ahmad exercised control, on a day-to-day basis, over Flaming Kabob II and III and Khalil Co., Inc. which operated as the Flaming Kabob restaurants Tempe and Mesa, Arizona;

      c.      Flaming Kabob II and III and Khalil Co., Inc. shared a common purpose: operating the Flaming Kabob restaurants in Tempe and Mesa, Arizona;

      d.      Flaming Kabob Restaurant is listed as one company with 2 locations on its website: Tempe and Mesa, Arizona;

      e.      The gross annual revenue combined of Khalil Co., Inc. and Flaming Kabob II and III is in excess of $500,000.00 for 2013;

      f.      Defendant Khalil Ahmad is the only agent, officer and director of Khalil Co., Inc. listed with the Arizona Corporation Commission;

      g.      The tradename "Flaming Kabob" is listed and registered as owned by Khalil Ahmad with the Arizona Secretary of State;

      h.      Khalil Ahmad is listed as the only member for Flaming Kabob II and Flaming Kabob III with the Arizona Corporation Commission;

      i.      Defendant Khalil Ahmad managed, controlled and operated the 2 Flaming Kabob restaurants;

      j.      Defendant Khalil Ahmad had employees work at both restaurants, transferring the employees between the 2 restaurants in Tempe and Mesa, Arizona during 2013;

k.      Plaintiffs were never informed that they worked for different entities when they worked for the Flaming Kabob restaurants in Mesa and Tempe, Arizona;

l.      Plaintiffs never received any pay stubs, w-2's, 1099's, or any other written or verbal information indicating that they worked for any entity other than Flaming Kabob restaurant in Tempe and Mesa, Arizona;

m.     Plaintiffs never received any type of tax information from Defendants;

n.      Plaintiffs were never asked to fill out tax documents when first employed; and,

o.      The operation of both restaurants was the same at both restaurants.

3.   Defendants Khalil A. Ahmad and Gigi Ahmad, husband and wife, and Rahma Ahmar Kambar are residents of Maricopa, Arizona.

4.   Jurisdiction is based upon 29 U.S.C. §216(b) and on the basis that Defendants as an integrated enterprise engaged in interstate commerce with a combined gross annual revenue in excess of $500,000.00; and/or the Plaintiffs are covered by the FLSA because they were engaged in interstate commerce, had an effect of interstate commerce, or utilized instruments of interstate commerce, *i.e.* credit card transactions as part of their performance of work.

5.   Defendants Khalil A. Ahmad, Gigi Ahmad and Rahma Ahmad Kambar are personally liable as "employers" pursuant to 29 U.S.C. §203(b); by, among other things, exercising control, dominion, and supervision over Plaintiffs and by assigning

them various duties, or scheduling their work.

6. Plaintiff Amir Kambar (hereinafter "Kambar") worked for Defendants from approximately February 16, 2013 until the present, except for an approximate three-month period of time between June and August 2013.

7. Plaintiff Kambar was not paid any minimum wages during the time that he worked for Defendants.

8. Plaintiff Kambar was not paid overtime, at the rate of one and one-half his hourly rate of pay (minimum wage) for all hours worked in excess of 40 each week.

9. Initially, Plaintiff Kambar worked three days per week for twelve hours per day; February 16, 2013 until on or about the last week of February 2013.

10. Thereafter, Plaintiff Kambar worked six days per week, four days at approximately 13 hours per day and two days at approximately 11 hours per day until he was wrongfully terminated.

11. Plaintiff Kambar worked approximately 780 hours of overtime (time in excess of 40 hours in a week) and was not paid anything, especially overtime pay at the rate of one and one-half times minimum wage.

12. Plaintiff Kambar worked approximately 1700 hours of straight for which he was not paid the minimum wage.

13. Plaintiff Mena ordinarily worked at least 13 hours per day (11:00am to 12:00 midnight) between Around October 2012 until January 27, 2014, except for approximately 3 months during that time (a total of approximately 13 months).

14. Plaintiff Mena worked 7 days per week, a minimum of 13 hours per day

-4-

for approximately a total of 4 months (91 hours per week for 16 weeks; 816 hours of overtime) and 13 hours per day, from Monday to Thursday (a minimum of 52 hours per week; approximately hours of overtime) for his other employment with Defendants.

15. Plaintiff Mena worked approximately 1868 additional hours of overtime (time in excess of 40 hours in a week) and was not paid anything, especially overtime pay at the rate of one and one-half times the minimum wage.

16. Plaintiff Mena worked approximately 2240 hours at straight time for which he was not paid the minimum wage.

17. Defendants did not post any notices as required by the U.S. Department of Labor.

18. Defendants conduct was willful.

19. Plaintiffs are entitled to minimum wages for all work that they performed for Defendants.

20. Plaintiffs are entitled to overtime at the rate of time and one-half for all hours worked in excess of 40 for each week.

21. Plaintiffs are entitled to liquidated damages.

22. Plaintiffs are entitled to attorneys fees and costs pursuant to 29 U.S.C. §216(b).

23. Defendants also violated the record keeping requirements of the FLSA.

WHEREFORE Plaintiffs request judgment against Defendants, jointly and severally, for:

1. Damages for unpaid minimum wages and overtime pay with interest;

    2.    For liquidated damages;

    3.    For reasonable attorneys fees, which are mandatory, and costs incurred herein; and,

    4.    Such other relief that this Court deems appropriate.

**SECOND CLAIM FOR RELIEF**
(ARIZONA MINIMUM WAGE ACT)

    1.    The preceding allegations of the Complaint are incorporated by reference herein.

    2.    The non-payment of wages, mentioned above, by Defendants also constitutes a violation of the Arizona Minimum Wage Act, A.R.S. §23-364(A).

    3.    The Arizona minimum wage as of January 1, 2013, was $7.80/hour.

    4.    The Arizona minimum wage as of January 1, 2014, is $7.90/hour.

    5.    Plaintiff Kambar worked approximately 1700 hours for which no payment was made.

    6.    Plaintiff Mena worked approximately hours for which no payment was made.

    7.    Plaintiffs are entitled to minimum wages for all work performed.

    8.    Plaintiffs are entitled to double the unpaid minimum wages pursuant to Arizona statute.

WHEREFORE, Plaintiffs Kambar and Nema request judgment against Defendants, jointly and severally, as follows:

    1.    For damages in an amount to be determined at trial consisting of the minimum wages with interest thereon;

  2. For double the amount of unpaid wages;

3. For reasonable attorneys fees, which are mandatory, and costs incurred herein; and,

  4. For such other relief as this Court deems appropriate.

### THIRD CLAIM FOR RELIEF
(Non-Payment of Wages)

  1. The preceding allegations of the Complaint are incorporated by reference herein.

  2. From their initial employment until their cessation of employment with Defendants, Plaintiffs have been paid no wages.

  3. Defendants violated A.R.S. §23-350 *et seq.* by not paying Plaintiff Kanbar the wages due him, which were minimum wages and overtime pay.

  4. Plaintiffs Kambar and Mena are entitled to treble damages.

WHEREFORE, Plaintiffs Kambar and Mena request judgment against Defendants, jointly and severally, for:

  1. Judgment in an amount to be determined at trial;

  2. For treble damages pursuant to Arizona statute;

  3. For reasonable attorneys fees and costs; and,

  4. For such other relief as this Court deems appropriate.

### FOURTH CLAIM FOR RELIEF
(Retalitory Discharge)

  1. The preceding allegations of the Complaint are incorporated by reference herein.

2. Plaintiff Kambar was terminated in retaliation because Defendants learned and or knew that Plaintiff Kambar was about to file a lawsuit for non-payment of wages and overtime.

3. A.R.S. 23-364G. provides for damages of $150 per day from the time of termination until judgment.

4. Plaintiff Kambar is entitled to attorneys fees and costs.

WHEREFORE Plaintiff Kambar requests:

1. Judgment is amount to be determined at trial for damages;

2. For reasonable attorneys fees and costs; and,

3. Such other relief this Court deems appropriate.

### FIFTH CLAIM FOR RELIEF
### (Quantum Meruit)

1. The preceding allegations of the Complaint are incorporated by reference herein.

2. Plaintiffs performed services for Defendants Flaming Kabob II, Flaming Kabob III, and Khalil Co., Inc. dba Flaming Kabob.

3. Plaintiffs were not paid for the services they rendered to those Defendants.

4. Those Defendants benefited from the services rendered by Plaintiffs.

WHEREFORE Plaintiffs request judgment against Defendants Flaming Kabob II, Flaming Kabob III and Khalil Co., Inc. as follows:

1. For damages in an amount to be determined at trial;

2. For such reasonable costs and attorneys fees; and,

3. For such other relief as this court deems appropriate.

-8-

1  DATED this 16th day of March 2014.

                                    /s/ Guy D. Knoller
                                    Guy D. Knoller
                                    Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and a copy was also mailed to:

        Steven C. Mahaffy
        Mahaffy Law Firm, P.C.
        P.O. Box 12959
        Chandler, Arizona  85248-0033
        Attorney for Defendants

                                    /s/ Debbie A. Wallen
                                    Debbie A. Wallen
                                    Legal Assistant